UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO:

NICOLE RAMOS,

    Plaintiff,

vs.

DELPHI BEHAVIORAL HEALTH
GROUP, a Florida limited liability
company,

    Defendant.
_____/

## **COMPLAINT**

Plaintiff, NICOLE RAMOS ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant, DELPHI BEHAVIORAL HEALTH GROUP, a Florida limited liability company ("Defendant"), and in support states as follows:

### **JURISDICTION AND VENUE**

1. Plaintiff, Nicole Ramos, is over the age of eighteen and located in the Southern District of Florida.

2. Defendant, Delphi Behavioral Health Group, is located in and has its principal place of business in the Southern District of Florida.

3. All conditions precedent to the bringing and maintenance of this action have been performed, were waived, or have otherwise been satisfied.

4. Defendant was an employer of Plaintiff as defined by the Family Medical Leave Act ("FMLA"), employing more than 50 employees within a 75-mile radius of Plaintiff's job site.

5. Plaintiff was an employee as that term is defined by the FMLA and she worked for

Defendant for more than one year and in excess of 1,250 hours within the preceding year.

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 and 28 U.S.C. § 2601.

7. Venue is proper in this Court because Defendant is located in Broward County and the conduct complained of occurred in Broward County, Florida.

## FACTUAL ALLEGATIONS

8. Plaintiff worked for Defendant from April 2, 2018 until June 24, 2019.

9. Plaintiff was employed as a Revenue Cycle Manager.

10. Plaintiff was the only Revenue Cycle Manager that worked for Defendant at its 1901 W. Cypress Creek Road location in Broward County.

11. Defendant did not employ any other Revenue Cycle Managers in Broward County during the period of time Plaintiff held this position.

12. On or about May 20, 2019, Plaintiff became ill and required time off for medical care.

13. Plaintiff's illness qualified as a serious health condition under the FMLA.

14. On May 20, 2019, Defendant sent Plaintiff a FMLA Leave Notice that her leave may be covered by the FMLA.

15. On May 20, 2019, Defendant provided Plaintiff with a Notice of Eligibility and Rights and Responsibilities form informing Plaintiff that she had until June 4, 2019 to provide the information necessary to determine if Plaintiff's leave qualified as FMLA leave.

16. Plaintiff provided the information necessary to establish her leave qualified as FMLA leave.

17. Defendant approved Plaintiff's leave as FMLA leave.

18. On June 10, 2019, Plaintiff returned from FMLA leave.

19. While Plaintiff was out on FMLA leave, Defendant decided it was going to hire a new Revenue Cycle Manager.

20. Upon return, Plaintiff notified Defendant that she had numerous doctor's appointments upcoming and would need Intermittent FMLA leave to attend the numerous medical appointments.

21. Following Plaintiff's return from FMLA leave, Defendant found an employee to replace Plaintiff and sought a basis to terminate Plaintiff.

22. On June 24, 2019, Plaintiff complained of misconduct involving a subordinate and asked HR to counsel the employee.

23. HR began an investigation.

24. The outcome of the investigation was a decision to terminate Plaintiff.

25. The reason given was a violation of the company's policies and standards.

26. Defendant did not specify the specific conduct except to say that it relates to Professionalism and Ethical Conduct, Harassment, and Standards of Conduct.

27. Defendant then reminded Plaintiff of the Confidentiality and Non-Disclosure Agreements that she signed.

28. Plaintiff is bound by a non-compete that prohibits her from doing similar work for one year from the date of her termination.

29. Plaintiff emailed Defendant and requested the employer not cancel her insurance because of the numerous medical appointments that were upcoming.

30. Plaintiff has been forced to retain the undersigned counsel to represent her in her claim against Defendant.

## COUNT I
### (Retaliation)

31. Plaintiff re-alleges and incorporates all the allegations contained within paragraphs 1 through 30 above, as if fully set forth herein.

32. Defendant retaliated against Plaintiff because she exercised her right to take leave from work that was protected under the FMLA.

33. Defendant retaliated against Plaintiff in violation of the FMLA by plotting to terminate Plaintiff while she was on FMLA leave.

34. Defendant retaliated against Plaintiff in violation of the FMLA by actually terminating Plaintiff following her need to take FMLA leave.

35. Defendant's purported reasons for terminating Plaintiff are pretext.

36. As a result of Defendant's intentional, willful and unlawful acts of retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

37. Because Defendant cannot prove that their violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages

WHEREFORE, Plaintiff, Nicole Ramos, demands judgment against Defendant for back pay, interest on back pay and benefits, front pay, an equal amount as liquidated damages, prejudgment interest, costs and attorney's fees as provided by the FMLA and all other remedies available under the FMLA and any other relief this Court deems just and appropriate.

## COUNT II
### (Interference)

38. Plaintiff re-alleges and incorporates all the allegations contained within paragraphs 1 through 30 above, as if fully set forth herein.

39. Defendant was aware that Plaintiff had ongoing medical care that would take her away from work and would require additional FMLA leave.

40. Defendant terminated Plaintiff knowing she required ongoing FMLA leave.

41. Defendant's termination of Plaintiff interfered with Plaintiff's FMLA rights.

42. Defendant's purported reasons for terminating Plaintiff are pretext.

43. As a result of Defendant's interference with Plaintiff's FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

44. Because Defendant cannot prove that their violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages

WHEREFORE, Plaintiff, Nicole Ramos, demands judgment against Defendant for back pay, interest on back pay and benefits, front pay, an equal amount as liquidated damages, prejudgment interest, and costs, attorney's fees as provided by the FMLA and all other remedies available under the FMLA and any other relief this Court deems just and appropriate.

## **PRAYER FOR RELIEF**

Plaintiff demands trial by jury.

Dated: August 14, 2019          Respectfully submitted,

                    By:  *s/ Romin N. Currier*
                         Romin N. Currier
                         Florida Bar No. 566985
                         E-Mail:  rcurrier@pincusandcurrier.com
                         Pincus & Currier LLP
                         1555 Palm Beach Lakes Blvd., Ste 320
                         West Palm Beach, FL   33401
                         Telephone:   (561) 868-1340
                         Facsimile:    (561) 366-1310
                         Counsel for Plaintiff