UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

0:19-CV-62039-MARTINEZ-SNOW

NICOLE RAMOS,

    Plaintiff,

vs.

DELPHI BEHAVIORAL HEALTH
GROUP, a Florida limited liability
company,

    Defendant.
_____/

### MOTION TO COMPEL BETTER RESPONSES TO PLAINTIFF'S SECOND INTERROGATORIES, SECOND REQUEST TO PRODUCE AND SECOND REQUEST FOR ADMISSIONS

Plaintiff, Nicole Ramos, by and through undersigned counsel, pursuant to Rule 33, Rule 34, Rule 36 and Rule 37 of the Federal Rules of Civil Procedure, moves this Court for an Order compelling the Defendant, Delphi Behavioral Health Group, LLC, to respond to Plaintiff's **Second Interrogatory Request**, **Second Request to Produce** and **Second Request for Admissions**, and states as follows:

### BACKGROUND

On May 23, 2019, Plaintiff was forced to take FMLA leave and Plaintiff missed approximately 18 days of work as a result. While out on leave, Defendant advertised Plaintiff's position. Two weeks after returning, Plaintiff was fired. As this case has progressed, Defendant admitted that it advertised Plaintiff's position while she was out on FMLA leave; however, Defendant sought to be coy by stating it advertised the position to collect resumes, not to fill her

position.  *See* Response to RFA # 7, attached hereto as **Exhibit "A."**

As a result, Plaintiff has served Defendant with discovery to determine whether Defendant routinely advertises a position when an employee goes out on FMLA leave or Defendant only did so in this instance.  If Defendant only advertised Plaintiff's position while she was out on FMLA leave and did not do this for other employees utilizing FMLA leave, this would undermine the Defendant's position that it just wanted to have resumes on file in case Plaintiff did not return from FMLA leave.  If Defendant advertises a position for every employee that exercises FMLA leave, it may be indicative of a company's unwritten policy for replacing employees who exercise FMLA leave. In an attempt to get answers to these issues, Plaintiff served discovery narrowly tailored to these issues.

### Second Interrogatories

Plaintiff served two Interrogatories.  *See* Defendant's Response to Plaintiff's Second Interrogatories attached hereto as **Exhibit "B."**  First, Plaintiff asked Defendant to identify each employee that has sought FMLA leave since January 2014 at the Ft. Lauderdale location. Second, Plaintiff asked Defendant to state for each employee whether Defendant advertised the position while the employee was out on FMLA leave.  Defendant objected to these requests, attempting to narrowly frame the issue in this case and deny Plaintiff the opportunity to explore the merits of the reasons given for Plaintiff's termination.  The objections are mere "cut and paste" responses from the other objections that Defendant has filed on previous discovery requests in which Plaintiff has been forced to file Motions to Compel.

### Second Request to Produce

Plaintiff served three Requests to Produce. *See* Defendant's Response to Plaintiff's Second Request to Produce attached hereto as **Exhibit "C."**  First, Plaintiff sought the personnel file for

each individual identified in response to Interrogatory #1.  As explained during the good faith telephone conference, Plaintiff is not seeking any medical information.  Rather, Plaintiff is seeking contact information, the employee's position, dates the employee was out on FMLA leave, and dates of employment for each employee.  Second, Plaintiff requested copies of the ad that Defendant placed for each position in which the employee holding the position was out on FMLA leave.  Third, Defendant requests copies of any postings on its own website for the same information as in RTP #2.  Defendant has refused to produce a single document in response to all three RTP, asserting the same boilerplate objections that Defendant asserted in response to the Interrogatories.

### Second Request for Admissions

Plaintiff served ten Request for Admissions seeking to narrow the issues raised by Defendants excuse for its explanation on why it ran an ad to replace Plaintiff while she was out on FMLA leave. *See* **Exhibit "A."**   In responses 3 – 10, Defendant has failed to answer the narrowly tailored Requests that seek to examine the authenticity of Defendant's explanations for the actions it has taken.  The RFAs are designed to establish whether the company has a practice of posting positions of employees who take FMLA leave while that employee is out on FMLA leave.  If Defendant's claims are inconsistent or contradicted by its prior actions, that is evidence of pretext. *See Brooks v. County Comm'n of Jefferson Cty, Ala*., 446 F. 3d 1160, 1163 (11th Cir. 2006); *see also Vessels v. Atlanta Indep. Sch. Sys.,* 408 F. 3d 763, 771 (11th Cir. 2005).   Plaintiff must prove her case by "pointing to 'weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions." *Id*.  This discovery and the other discovery that is subject to the pending motions to compel are designed to do just this.  Showing that Defendant's explanations on its handling of Plaintiff's FMLA leave and replacing her job are relevant, Plaintiff would argue highly

3

relevant, based on Defendant's conduct and its explanations for placing ads for her position while she was out on FMLA leave, all of which predates the basis given by Defendant for Plaintiff's termination.

WHEREFORE, Plaintiff, Nicole Ramos, respectfully requests that the Court enter an Order compelling Defendant to provide complete responses to Plaintiff's Second Interrogatories, Second Requests to Produce and Second Request for Admissions. Plaintiff also seeks attorney's fees and costs pursuant to Fed.R.Civ.P. 37(a)(5) as Defendant has failed to comply with this Court's discovery order and has failed to provide justifiable reasons for failing to respond to the discovery.

### Local Rule 7.1(a)(3) Conference

On January 31, 2020, the attorneys conferred via telephone in compliance with this Court's Order and Local Rule 7.1(a)(3) to resolve the discovery disputes but were unsuccessful in resolving the discovery objections.

Dated: February 3, 2020              Respectfully submitted,

By: _s/ Romin N. Currier_
    Romin N. Currier
    Florida Bar No. 566985
    E-Mail:   rcurrier@pincusandcurrier.com
    Pincus & Currier LLP
    1555 Palm Beach Lakes Blvd., Suite 320
    West Palm Beach, FL   33401
    Telephone:   (561) 868-1340
    Facsimile:   (561) 366-1310
    Counsel for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 3, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  *s/ Romin N. Currier*
Romin N. Currier
Florida Bar No. 566985

## SERVICE LIST

Cole, Scott & Kissane, P.A.
Nicole M. Wall, Esq.
Esperante Building
222 Lakeview Ave., Ste 120
West Palm Beach, FL   33401
561-383-9200
nicole.wall@csklegal.com

All counsel of record have been served with this document via Notice of Electronic Filing generated by the CM/ECF.