UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case Number: 19-62039-CIV-MARTINEZ/SNOW

NICOLE RAMOS,

    Plaintiff,

v.

DELPHI BEHAVIORAL HEALTH GROUP, LLC,

    Defendant.

_____/

**ORDER DENYING MOTION TO STRIKE AND FOR SANCTIONS**

**THIS CAUSE** comes before the Court upon Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment and Motion for Sanctions ("Motion"). (ECF No. 82). After careful consideration of the Motion and the pertinent portions of the record, the Court finds that the Motion is **DENIED**.

**I.    BACKGROUND**

Plaintiff, Nicole Ramos, commenced this action against Defendant, Delphi Behavioral Health Group, pursuant to the Family Medical Leave Act ("FMLA"). Defendant is a drug and alcohol addiction treatment facility. Plaintiff worked for Defendant as its Revenue Cycle Manager. Plaintiff alleges that Defendant interfered with her FMLA rights and retaliated against her by terminating her for taking an extended FMLA leave. (*See* Compl., ECF No. 1).

Defendant moved for summary judgment on Plaintiff's claims. In its Motion for Summary Judgment, Defendant argues that

> Plaintiff was discharged solely as a result of her engaging in illegal drug usage (with one of her subordinates no less), bringing to work and giving him a vape pen (which Delphi understood was most commonly used for smoking marijuana), and lying during

1

> Delphi's formal investigation, all of which was in direct violation of Delphi's policies, and which are listed as grounds for termination.

(Mot. Summ. J., at 5, ECF No. 78). In support of its arguments, Defendant attaches text messages exchanged between Plaintiff and her subordinate, Stanley Laguerre (the "Text Messages"). (*See* Def.'s SOMF, Ex. E, ECF No. 79-5).

Plaintiff, in turn, moved to strike Defendant's Motion for Summary Judgment on the basis that it allegedly relies on information obtained from an illegally recorded interview and on evidence derived therefrom, *i.e.*, the Text Messages. The interview in question took place on June 25, 2019, when Human Resources ("HR") representatives Isabelle Garcia and Jackie Ayers conducted a telephonic interview of Laguerre in connection with an internal investigation. (Dep. Isabelle Garcia ("Garcia Dep."), at 70:19–71:21, ECF No. 82-1). Ayers recorded the interview without Laguerre's knowledge (the "Recorded Interview"). (*Id.*; *see also* Recorded Interview, ECF No. 94-6).[1] The investigation began because Plaintiff complained that Laguerre was engaging in misconduct. (Compl. ¶¶ 22–23). As part of the same internal investigation, a second interview with Laguerre took place on June 27, 2019 (the "Second Interview"). (Decl. Stanley Laguerre ("Laguerre Decl.") ¶ 5, ECF No. 93-3). The second interview was not recorded. (Decl. Isabelle Garcia ("Garcia Decl.") ¶ 7, ECF No. 93-1). On that same day, Laguerre voluntarily sent the Text Messages to Defendant's HR representatives. (*See* Text Messages, ECF No. 94-5; Laguerre Decl. ¶ 6).

---

[1] The Court reviewed both the audio recording of the Recorded Interview provided by Defendant to the Court via e-mail correspondence and the transcript of the same (ECF No. 94-6) and found that in some instances, the transcript does not coincide with the recording. Therefore, the Court relies on the recording—as opposed to the transcript—in rendering its findings.

## II. ANALYSIS

Plaintiff claims that recording the interview that took place on June 25, 2019 was illegal, in violation of the Florida Security of Communications Act, Fla. Stat. § 934.01, *et seq.*, and the Federal Wiretap Act, 28 U.S.C. § 2511, 2515. She further contends that neither the contents of the interview nor the Text Messages can be used in these proceedings because they are derived from the allegedly illegal Recorded Interview. (*See* Mot. Strike, at 5–7). Defendant, on the other hand, argues that Plaintiff does not have standing to challenge the Recorded Interview; that Defendant did not use or disclose the contents of the Recorded Interview in its Motion for Summary Judgment; and that the contents of the Text Messages are admissible, and therefore the references to the Text Messages in the Motion for Summary Judgment should not be stricken. (*See id.* at 4).[2]

### A. Legal Standard

Florida and federal law "generally prohibits, among other things, the recording of 'oral communication[s]' without the consent of all participants to the conversation." *Woliner v. Summers*, 796 Fed. App'x 649, 651 (11th Cir. 2019) (quoting Fla. Stat. §§ 934.03(1)(a)–(b)) (alterations in original); 18 U.S.C. § 2510, *et seq.*[3] The statutes also prohibit the use of any "part of the contents of such communication and [any] evidence derived therefrom [as] evidence in any trial, hearing or other proceeding in or before any court[.]" Fla. Stat. § 934.06 (emphasis added); 18 U.S.C. § 2515; *see also Woliner*, 796 Fed. App'x at 651; *Burgess v. Burgess*, 447 So. 2d 220,

---

[2] Defendant also argues that no violation of the Federal Wiretap Act occurred by Defendant's recording of the interview. Because the Court finds that Plaintiff lacks standing to challenge the Recorded Interview and Text Messages, as further explained *infra* in Section II.B, it does not find it necessary to rule on whether the Recorded Interview is illegal pursuant to the Florida Statutes and the Federal Wiretap Act.

[3] The Federal Wiretap Act and Chapter 934 of the Florida Statutes are virtually identical, and the Court will analyze them simultaneously.

224 (Fla. 1984).  An "aggrieved person in any trial, hearing, or proceeding in or before any court [] may move to suppress the contents of any intercepted [communication] or evidenced derived therefrom[.]"  Fla. Stat. 934.09(10)(a).

### B. Plaintiff Lacks Standing to Challenge Defendant's Use of the Recorded Interview and Text Messages

An intercepted oral communication may only be challenged by an "aggrieved person" as that term is defined by the Florida Statutes and the Federal Wiretap Act.  An "'aggrieved person' means a person who was a party to any intercepted wire, oral, or electronic communication or a person against whom the interception was directed."  Fla. Stat. § 934.02(9); 18 U.S.C. § 2510(11).  A statement is considered an "oral communication" only if the speaker had a "reasonable expectation of privacy, which includes a subjective as well as an objective expectation, *i.e.,* whether society is prepared to recognize this expectation as reasonable.  *Woliner*, 796 Fed. App'x at 651.

To have standing to challenge the interception of conversations, Plaintiff, as the person challenging the conversations, must show that: "(1) [s]he was a party to the communication, (2) the wiretap efforts were directed at [her], or (3) the interception took place on [her] premises."  *See United States v. Faulkner*, 439 F.3d 1221, 1223 (10th Cir. 2006); *see In re Grand Jury 86-3*, 673 F. Supp. at 1571; *Mozo v. State*, 632 So. 2d 623, 625 (Fla. 4th DCA 1994) (citing *Alderman*, 394 U.S. at 171–74).  The standing analysis implements existing principles governing standing to suppress wiretaps made in violation of the Fourth Amendment.  *See In re Grand Jury 86-3 (Miami)*, 673 F. Supp. 1569, 1571 (S.D. Fla. 1987); *Alderman v. United States*, 394 U.S. 165, 175–76 (1969); *Woliner*, 796 Fed. App'x at 651 (citing *Stevenson v. State*, 667 So. 2d 410, 412 (Fla. 1st DCA 1996)).

The Court has inspected the contents of the Recorded Interview and finds that Plaintiff is not an aggrieved party. First, it is undisputed that Plaintiff was not a party to the phone conversation. The interview was between Laguerre, Ayers, and Garcia. Second, the interception was not directed at Plaintiff; instead, it was directed at Laguerre. The Recorded Interview took place as part of an internal investigation against Laguerre, which was initiated after Plaintiff complained of Laguerre's misconduct. (*See* Garcia Decl. ¶ 4; Compl. ¶¶ 22–23). The investigation was not about Plaintiff, nor was Plaintiff's illegal activity discussed during the Recorded Interview. Finally, the Recorded Interview did not take place on Plaintiff's premises. During the phone conversation, Laguerre was in his car, (*see* Recorded Interview), and Garcia and Ayers were at Defendant's premises, (*see* Garcia Dep., at 71:3–18, ECF No. 82-1).

Plaintiff's reliance on the Florida Supreme Court's decision in *In re Grand Jury Investigation*, 287 So. 2d 43, is misplaced. The Florida Supreme Court did not hold that "a party has standing to suppress evidence pursuant to Fla. Cap. 934, *et seq.* if the communication 'might tend to involve' the witness[,]" as Plaintiff would like this Court to believe. (Pl.'s Reply, at 2, ECF No. 102). The Court in *In re Grand Jury Investigation* was faced with the question of whether a witness in a grand jury proceeding has standing to challenge a wiretap interception. First, the Court summarily decided that the movant was "clearly" an aggrieved person within the definition of the Florida Statutes. *In re Grand Jury Investigation*, 287 So. 2d 43, 46. Yet, the Court provided no background as to what the witness's involvement in the intercepted communication was, or any other analysis as to why the witness was "clearly" an aggrieved person. Without more, the Court moved on to answer the question of whether the movant, as an aggrieved person, was involved in a proceeding in or before a court, *i.e.*, whether a grand jury proceeding was a "proceeding in or before a court" for purposes of the statute. *Id.* It was only after answering these two questions in

the affirmative that the Court answered the question of whether the movant, as an aggrieved person involved in a proceeding in or before a court, could suppress "a wiretap communication involving him or which could or might tend to involve him[.]" *Id.* at 47.  The Court found that he could. *Id.*

Nowhere in its opinion does the Florida Supreme Court hold that any person could challenge an intercepted communication which could or might tend to involve her.  Nor could this Court do so given the well-established statutes, case law, and principles of the Fourth Amendment. *See, e.g.*, *Alderman*, 394 U.S. at 171–74 ("The established principle is that suppression of the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself, not by those who are aggrieved solely by the introduction of damaging evidence."); *In re Grand Jury 86-3 (Miami)*, 673 F. Supp. at 1571 (holding that a movant who "was not a party to the intercepted conversation[,] . . . was not a person against whom any interception was directed, and no intercepted conversation occurred on his premises" had no standing to challenge the interception).

For these reasons, Plaintiff lacks standing to challenge the Recorded Interview or any evidence derived therefrom.

### C.  The Text Messages are not Derived from the Recorded Interview

As a threshold matter, it is apparent to the Court after careful review of the Recorded Interview, the Motion for Summary Judgment, and the Statement of Material Facts that Defendant does not reveal or rely on the contents of the Recorded Interview in its pleadings, and only relies on the Text Messages.  (*See* Mot. Summ. J., at 2, 10–11; Def.'s Statement of Material Facts, Ex. E, ECF No. 79-5).  As such, the Court need only address the propriety of Defendant's use of the Text Messages in its Motion for Summary Judgment.

Even assuming *arguendo* that Plaintiff had standing to challenge the use of the Recorded Interview, the Court finds that the Text Messages are not "derived" from the allegedly illegal Recorded Interview. The Supreme Court has recognized that not all evidence is "'fruit of the poisonous tree' simply because it would not have come to light but for the illegal actions[.]" *Wong Sun v. United States*, 371 U.S. 471, 488 (1963); *see United States v. Delancy*, 502 F.3d 1297, 1309 (11th Cir. 2007). The Court must look at "whether, granting establishment of the primary illegality, the evidence to which instant motion is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." *Delancy*, 502 F.3d at 1309.

In this case, the Recorded Interview took place on June 25, 2019. During that interview, Garcia, Laguerre, and Ayers discussed issues related to his purported misconduct. In particular, he was asked whether he owned a gun and whether he had brought a gun to work. Laguerre also discussed other issues he was having with another employee in the same department. At no point during the Recorded Interview did Laguerre mention any illegal activity on Plaintiff's part. He only mentioned that he had been at Plaintiff's home on one occasion. While it is true that Garcia and Ayers requested text messages from Laguerre at the end of this interview, these text messages had been previously discussed during the interview and did not relate to Plaintiff. On June 27, 2019, the Second Interview with Laguerre took place as part of the ongoing internal investigation. This Second Interview was not recorded. It was after the Second Interview that Laguerre sent the relevant Text Messages between him and Plaintiff to Garcia. (Laguerre Decl. ¶¶ 5–6). This is further confirmed by the date on the e-mail where Laguerre sent the Text Messages to Garcia. According to the e-mails, the Text Messages were sent to Garcia on June 27, 2019, the same day as the Second Interview. (*See* Text Messages, at 2, 6–7, ECF No. 94-5). Laguerre sent the Text

Messages to Defendant only in response to the conversation that took place during the Second Interview. Therefore, the Text messages are "sufficiently distinguishable to be purged of the primary taint" of the Recorded Interview. *See Delancy*, 502 F.3d at 1309.

### III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Strike Defendant's Motion for Summary Judgment and Motion for Sanctions (ECF No. 82) is **DENIED**.

DONE and ORDERED in Chambers at Miami, Florida this 8th day of February 2021.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Snow
All counsel of record